PROVENCHER & FLATT LLP
Douglas B. Provencher (CSB No. 77823)
823 Sonoma Avenue
Santa Rosa, CA 95404-4714
Telephone: (707) 284-2380
Facsimile: (707) 284-2387

Attorneys for PNC Bank

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:

RICHARD STERBA and OLGA STERBA

Debtors.

Case No. 13-10245

Chapter 7

**CLAIMANT'S BRIEF IN OPPOSITION TO DEBTORS' OBJECTION TO CLAIM NUMBER 1**

Date: November 14, 2013
Time: 10:00 am
Courtroom: 99 South E Street
Santa Rosa, CA 95404

## Introduction

The debtors filed Chapter 7 in February. Realizing they made a mistake, they moved to dismiss the case but ran into opposition when the trustee learned the debtors had about $90,000 in non-exempt property. The trustee now has that money.

PNC Bank, a sold out junior, filed an unsecured claim for $42,006.38. PNC holds a promissory note that was secured against the debtors' investment property until the debtors lost that property in a foreclosure by the senior lienholder. PNC is the only creditor to file a claim.

The debtors object to PNC's claim saying it is barred by the four year statute of limitations under California Code of Civil Procedure §337(1).

The debtors abandoned their argument that PNC's claim was barred by the California anti-deficiency statutes.

1

The only issue before this court is whether to apply the California or Ohio statute of limitations.

If California law applies, PNC's claim is barred by the four-year statute of limitations for breach of contract. If Ohio law applies, the claim was still valid when the debtors filed their Chapter 7 under the Ohio statute, which is six years. [Ohio Statute 1303.16].

PNC says Ohio law applies because the parties agreed that Ohio law would govern this transaction. The promissory note states that "..this Note shall be governed by and construed in accordance with …(ii) the laws of Ohio, to the extent Ohio laws are not preempted by federal law or regulations, and without regard to conflict of law principles…" [Request for Judicial Notice, Exhibit 1, Claim 1-1, Part 3, p. 2]

The debtors ask the court to apply the California statute.

The debtors do not dispute the amount of the claim.

The parties all agree that their contract states that Ohio law governs. [*Debtors' Brief on Objection to Proof of Claim*, Doc. 64, 4:1-4].

Where they diverge is on the validity of the contract's choice of Ohio law.

The court must determine which statute to apply using appropriate choice of law analysis.

This is not a diversity case where the court is directed to apply the choice of law provisions of the forum state. PNC did not bring this action in California, the debtors elected to file a Chapter 7 in California.

### In bankruptcy cases, federal choices of law principals govern.

"In a bankruptcy case, the court must apply federal choice of law rules. See *Lindsay v. Beneficial Reinsurance Co. (In re Lindsay),* 59 F.3d 942, 948 (9th Cir. 1995).

Federal choice of law rules follow the approach of the Restatement (Second) of Conflict of Laws." See *Chuidian v. Philippine Nat'l Bank*, 976 F.2d 561, 564 (9th Cir. 1992). *Liberty Tool v. Vortex Fishing Sys. (In Re Vortex Fishing Sys.),* 277 F.3d 1057, 1069 (9th Cir. 2002).

2

California courts also follow the Restatement. *Hembrecht & Quist Venture Partners v. American Medical International, Inc.* (1995) 38 C.A.4th 1532, 1543.

### The parties agree that the Restatement of the Law, Conflict of Law applies.

The debtors and the claimant agree that the principals set forth in the Restatement of Law, Conflicts, Second apply.

They disagree on two points.

The debtors ignore Section 187 of the Restatement. They focus on Section 188 of the Restatement and argue that the California statute of limitations applies since California has the most significant relationship to the parties and the transaction.

Alternatively, the debtors argue that should the court apply Ninth Circuit diversity law, then the California statute of limitations applies since California is the forum state.

### The debtors ignore the explicit choice of law provision in the contract.

The debtors ignore Section 187 of the Restatement, which states:

> § 187 Law of the State Chosen by the Parties
>
> (1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.
>
> (2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either
>
> > (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties choice, or

3

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

### The debtors, apparently contending there is no valid choice of law agreement, ask the court to look to the factors in Section 188 to determine the appropriate law.

Before the court considers Section 188, this court must find that either (a) the chosen state, Ohio, has no substantial relationship to the parties or the transaction or that (b) application of Ohio law would be contrary to a fundamental policy of California.

The debtors cannot show either of these factors.

In evaluating a choice of law provision under Section 187, the proper approach is for the court to determine if the chosen state has a substantial relationship to the parties or the transaction or if there is any other reasonable basis for the parties' choice of law.

If either of these questions is answered affirmatively, then the inquiry goes to determining if the choice of law is contrary to a fundamental policy of California. *Hambrecht, supra,* at 1532.

Here the note states and it is true that the original lender, National City Bank was an Ohio corporation. That National City Bank was an Ohio corporation is sufficient to establish a substantial relationship with Ohio. *Hatfield v. Halifax, PLC and HBOS, PLC* (2009) 564 F.3rd 1177, 1183.

Since there is a substantial relationship to Ohio, the next step is to determine if applying Ohio law is contrary to a fundamental policy of California.

The answer to this question is no.

First, California public policy favors contractual choice of law provisions. *Hambrecht, supra,* at 1543.

4

Secondly, the public policy application of a longer statute of limitations does not undermine California policy.

The *Hatfield* court applied the longer English statute of limitations finding that such application did not offend a fundamental policy of California. "…California appears willing to subordinate its interest in disposing of stale claims to the parties' desire to have a forum in which to litigate their disputes." *Hatfield, supra, at 1183.*

The District Court for the Eastern District of California recently reached the same conclusion. "In applying California's strong preference for honoring a negotiated choice-of-law provision, the Court finds applying New York law in this case does not "violate the protective policy underlying California's statute of limitations. *Lehman Brothers Holdings, Inc. v. First Priority Financial, Inc.* (U.S.D.E.D. Cal. 2013) 2013 U.S. Dist. LEXIS 27263.

Here the difference is only two years. Applying the Ohio statute of limitations does not offend any fundamental policy of California.

The court need not and should not even get to Section 188 but if it does, Ohio law should still apply.

### Under Section 188, the court should also apply Ohio law.

The parties agreed that the contract was governed by Ohio law, that National City Bank was located in Ohio and that its decision to make the loan was made in Ohio. They agreed that if any payment was sent with the notation "Paid in Full" that it had to be sent to National City in Ohio. [RFJN, Ex. 1, Claim 1-1, Part 3, page 2 ¶ 11].

### The court should honor the parties' contractual agreement to apply Ohio law.

While it is true that the real property securing the loan was in California, that security was lost when the senior lender foreclosed. PNC is a "sold out junior" and it has an unsecured claim. PNC had the legal right to bring an action in Ohio against the debtors until the debtors filed their Chapter 7. Had PNC sued in Ohio before the debtors filed their Chapter 7, there would be no argument that PNC's claim is barred.

That should not change just because the debtors availed themselves of bankruptcy protection in California. Ohio law should still govern the transaction. That is what

5

the parties agreed to and there is no compelling reason not to abide by the parties' agreement.

Thus, under Section 188 factors, even if the choice of law provision is not valid, there is a substantial relationship with Ohio and the court should apply Ohio law.

## Conclusion

Under existing Ninth Circuit and California law, this court should apply Ohio law, including the six-year Ohio statute of limitations and overrule the debtors' objection to Claim Number 1.

Dated: November 8, 2013  Provencher & Flatt LLP

_____
Douglas B. Provencher 77823

Provencher & Flatt llp
Attorneys at Law
823 Sonoma Ave.
Santa Rosa, CA 95404
(707) 284-2380

6