UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

RICHARD and OLGA STERBA,  No. 13-10245

Debtor(s).
_____/

Memorandum on Objection to Claim
_____

Chapter 7 debtors Richard and Olga Sterba signed a promissory note to creditor National City Bank, whose address was in Ohio. The note specified that it was to be governed and construed according to Ohio law. National City Bank later merged with PNC Bank, N.A., which has filed an unsecured claim in this case for $42,006.38.

The Sterbas object to the claim, arguing that it is barred by the applicable California statute of limitations.[1] The parties agree that the statute of limitations under Ohio law is six years and that of California four years, so that the claim is barred if the California limitations period applies and valid if the limitations period of Ohio applies.

Where a federal court exercises jurisdiction over state law claims, the court "applies the choice-

---

[1] The Sterbas have been discharged and no longer have any personal liability on the note. They have standing to object because if they are successful there will be a surplus estate resulting in return of estate funds to them.

1

of-law rules of the forum state." *Paracor Fin., Inc. v. GE Elec. Capital Corp.*, 96 F.3d 1151, 1164 (9th Cir.1996); see also *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Abogados v. AT & T, Inc.*, 223 F.3d 932, 934 (9th Cir.2000). When an agreement contains a choice-of-law provision, California courts apply the parties' choice of law unless the approach set forth in Restatement (Second) of Conflict of Laws § 187 dictates a different result. *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1002 (9th Cir.2012). The party advocating application of the choice-of-law provision has the burden of establishing a substantial relationship between the chosen state and the contracting parties. *Washington Mut. Bank v. Superior Court*, 24 Cal.4th 906, 915-16 (2001); *Peleg v. Neiman Marcus Group, Inc.*, 204 Cal.App. 4th 1425, 1447 (2012). The burden then shifts to the party opposing application to show that application would violate a fundamental policy of California. See *Washington Mut. Bank,* 24 Cal.4th at 916.

Applying that approach, PNC Bank has established a substantial relationship between its predecessor and Ohio, and the Sterbas have not shown that any fundamental policy of California would be violated. Indeed, California has "no fundamental state policy against applying a foreign jurisdiction's statutes of limitations to claims brought within California courts." *ABF Capital Corp v. Osley*, 414 F.3d 1061, 1066 (9th Cir. 2005). A ruling that the claim is not time-barred necessarily follows.

Citing *Cole v. Mileti,* 133 F.3d 433, 437 (6th Cir. 1998), the Sterbas argue that contractual choice-of-law clauses incorporate only substantive law, not procedural provisions such as statute of limitations, so the statute of limitations of the forum always applies. However, this is an older view of the law abandoned by statute in many jurisdictions. See Reporter's Note to the 1988 amendments to § 142 of the Restatement (Second) of Conflict of Laws; the Uniform Conflict of Laws Limitations Act, 12 U.L.A. 46-49, § 2. It may still be the law in the Sixth Circuit, but is not the law in this circuit. *Aalmuhammed v. Lee,* 202 F.3d 1227, 1237 (9th Cir. 2000); *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484n2 (9th Cir.1987). In this circuit, the applicable statute of limitations is determined using ordinary choice-of-law principles, not a substantive/procedural analysis. See *ABF Capital,* 414

F.3d at 1065.[2]

For the foregoing reasons, the Sterbas' objection will be overruled and the claim allowed. Counsel for PNC Bank shall submit an appropriate form of order.

Dated: November 19, 2013

Alan Jaroslovsky  
Chief Bankruptcy Judge

---

[2] See also 12 Cal.Jur3d, Conflict of Laws § 108, noting that the "traditional view" was that barring a claim by the statute of limitations was a procedural matter governed by the laws of the forum but that modernly "courts treat the statute of limitations in the same manner as any other issue, and do not automatically apply California's statute of limitations in every case."

Case: 13-10245   Doc# 68   Filed: 11/19/13   Entered: 11/19/13 11:53:06   Page 3 of 3